UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BAYLEY CONSTRUCTION, a Washington General Partnership,<br><br>Plaintiff,<br><br>v.<br><br>WAUSAU BUSINESS INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C12-1176 RSM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

## I. INTRODUCTION

This matter comes before the Court upon Defendant's Motion for Protective Order Limiting Scope of 30(b)(6) Testimony. (Dkt. # 18). For the reasons set forth below, Defendant's motion is DENIED.

## II. BACKGROUND

Plaintiff Bayley Construction purchased a Commercial General Liability Policy from defendant Wausau Business Insurance Company. In May 2012, Defendant denied Plaintiff

coverage of a claim stemming from Plaintiff's construction project at Saddleback Community College in Mission Viejo, California. Plaintiff initiated this lawsuit and submitted to Defendant a Federal Rule of Civil Procedure 30(b)(6) notice of deposition that included the following request:

> Pursuant to Fed. R. Civil P. 30(b)(6), please designate one or more persons to testify about the following subjects:
>
> 7. The underwriting file maintained by Wausau in connection with the Policy issued by Wausau under which Bayley has made claim.
>
> 19. The name, job position and dollar authority level of each Wausau employee whose authority was/is necessary to deny coverage of claims such as the one made by Bayley to Wausau at issue in this lawsuit.

Dkt. # 19, Ex. 1 at 2-3.

Defendant asks the Court to strike Subjects 7 and 19 from Plaintiffs deposition notice.

### III. DISCUSSION

**A. Legal Standards**

Federal Rule of Civil Procedure 26(c) provides District Courts the discretion to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden" for "good cause." FED. R. CIV. P. 26(c). "For good to exist, the party seeking protection bears the burden of [making a particularized] showing [that] specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotations and citations omitted).

**B. Analysis**

First, Defendant argues that testimony regarding Subject 7 is not relevant to Plaintiff's claims and that "the burden of designating, preparing[,] and producing an underwriter to provide

1 testimony regarding the underwriting file . . . outweighs any potential benefit" to Plaintiff;

2 therefore, the Court should limit the scope of discovery. Dkt. # 18, 3. The Court disagrees.

3       Defendant has not met its burden to show good cause by making a particularized showing

4 that it will be prejudiced or harmed by the discovery. Defendant only broadly alleges that it

5 would be burdened by producing a representative to testify. Dkt. # 18, 5. This broad allegation is

6 not sufficient to establish "good cause."

7       Furthermore, Plaintiff's request is highly relevant to the issue at hand. "[P]re-trial

8 discovery is ordinarily 'accorded a broad and liberal treatment.'" *Shoen v. Shoen*, 5 F.3d 1289,

9 1292 (9th Cir. 1993) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Thus, unless good

10 cause is established, or a privilege applies, a party "may obtain discovery regarding any . . .

11 matter that is relevant to any party's claim" or "appears reasonably calculated to lead to the

12 discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

13       Defendant asserts that a Rule 30(b)(6) request for testimony regarding the underwriting

14 file amounts to a "fishing expedition" because the information contained in the underwriting file

15 is not relevant to Plaintiff's claims for denial of coverage and bad faith. Dkt. # 18, 3-5. The Court

16 disagrees. Not only is information in the underwriting file relevant to Plaintiff's claims for denial

17 of coverage but it is also discoverable because it appears reasonable that the information

18 contained in the file may lead to the discovery of other admissible evidence.

19       Second, Defendant argues that testimony regarding Subject 19 is not relevant to

20 Plaintiff's claims; therefore, the Court should limit the scope of discovery. Dkt. # 18, 3-4. The

21 again Court disagrees.

22       Notably, Defendant fails to make any showing of prejudice or harm that would occur

23 from this discovery request. *See* Dkt. # 18. Therefore, as a threshold matter Defendant fails to

24

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 3

establish "good cause." However, Defendant's relevancy objection also fails because Plaintiff's request for the authority level of each Wausau employee involved in this matter is relevant to establishing, or leading to admissible evidence that bears on, Plaintiff's bad faith and negligence claims.

### C. Attorneys' Fees and Costs

Pursuant to Rule 26(c)(3) and Rule 37(a)(5)(B) the Court "must, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless, "the motion was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(B). Accordingly, the Court hereby orders Plaintiff to submit a declaration of its fees and costs by January 4, 2013. Defendant must submit any response by January 11, 2013.

### IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's Motion for Protective Order (Dkt. # 18) is DENIED.

(2) Plaintiff is ordered to submit a declaration of attorneys' fees and costs by January 4, 2013.

(3) Defendant must submit any response to Plaintiff's declaration by January 11, 2013.

(4) The Clerk is directed to forward a copy of this Order to plaintiffs and to all counsel of record.

//

//

Dated this 14th day of December 2012.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE