1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                   AT SEATTLE

10   BAYLEY CONSTRUCTION, a                    CASE NO. C12-1176 RSM
     Washington General Partnership,
11                                             ORDER DENYING DEFENDANT'S
                          Plaintiff,           MOTION FOR PROTECTIVE ORDER
12
            v.
13
     WAUSAU BUSINESS INSURANCE
14   COMPANY,

15                        Defendant.

16

17                              **I. INTRODUCTION**

18          This matter comes before the Court upon Defendant's Motion for Protective Order

19   Limiting Scope of 30(b)(6) Testimony. (Dkt. # 18). For the reasons set forth below, Defendant's

20   motion is DENIED.

21                              **II. BACKGROUND**

22          Plaintiff Bayley Construction purchased a Commercial General Liability Policy from

23   defendant Wausau Business Insurance Company. In May 2012, Defendant denied Plaintiff

24

1 coverage of a claim stemming from Plaintiff's construction project at Saddleback Community

2 College in Mission Viejo, California. Plaintiff initiated this lawsuit and submitted to Defendant a

3 Federal Rule of Civil Procedure 30(b)(6) notice of deposition that included the following

4 request:

5       Pursuant to Fed. R. Civil P. 30(b)(6), please designate one or more persons to
      testify about the following subjects:

6

7       7. The underwriting file maintained by Wausau in connection with the Policy
      issued by Wausau under which Bayley has made claim.

8       19. The name, job position and dollar authority level of each Wausau employee
      whose authority was/is necessary to deny coverage of claims such as the one
9       made by Bayley to Wausau at issue in this lawsuit.

10 Dkt. # 19, Ex. 1 at 2-3.

11       Defendant asks the Court to strike Subjects 7 and 19 from Plaintiffs deposition notice.

12 **III. DISCUSSION**

13 **A. Legal Standards**

14       Federal Rule of Civil Procedure 26(c) provides District Courts the discretion to "issue an

15 order to protect a party or person from annoyance, embarrassment, oppression, or undue burden"

16 for "good cause." FED. R. CIV. P. 26(c). "For good to exist, the party seeking protection bears the

17 burden of [making a particularized] showing [that] specific prejudice or harm will result if no

18 protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d

19 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples

20 or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*,

21 966 F.2d 470, 476 (9th Cir. 1992) (internal quotations and citations omitted).

22 **B. Analysis**

23       First, Defendant argues that testimony regarding Subject 7 is not relevant to Plaintiff's

24 claims and that "the burden of designating, preparing[,] and producing an underwriter to provide

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 2

1     testimony regarding the underwriting file . . . outweighs any potential benefit" to Plaintiff;

2     therefore, the Court should limit the scope of discovery. Dkt. # 18, 3. The Court disagrees.

3           Defendant has not met its burden to show good cause by making a particularized showing

4     that it will be prejudiced or harmed by the discovery. Defendant only broadly alleges that it

5     would be burdened by producing a representative to testify. Dkt. # 18, 5. This broad allegation is

6     not sufficient to establish "good cause."

7           Furthermore, Plaintiff's request is highly relevant to the issue at hand. "[P]re-trial

8     discovery is ordinarily 'accorded a broad and liberal treatment.'" *Shoen v. Shoen*, 5 F.3d 1289,

9     1292 (9th Cir. 1993) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Thus, unless good

10    cause is established, or a privilege applies, a party "may obtain discovery regarding any . . .

11    matter that is relevant to any party's claim" or "appears reasonably calculated to lead to the

12    discovery of admissible evidence." Fᴇᴅ. R. Cɪᴠ. P. 26(b)(1).

13          Defendant asserts that a Rule 30(b)(6) request for testimony regarding the underwriting

14    file amounts to a "fishing expedition" because the information contained in the underwriting file

15    is not relevant to Plaintiff's claims for denial of coverage and bad faith. Dkt. # 18, 3-5. The Court

16    disagrees. Not only is information in the underwriting file relevant to Plaintiff's claims for denial

17    of coverage but it is also discoverable because it appears reasonable that the information

18    contained in the file may lead to the discovery of other admissible evidence.

19          Second, Defendant argues that testimony regarding Subject 19 is not relevant to

20    Plaintiff's claims; therefore, the Court should limit the scope of discovery. Dkt. # 18, 3-4. The

21    again Court disagrees.

22          Notably, Defendant fails to make any showing of prejudice or harm that would occur

23    from this discovery request. *See* Dkt. # 18. Therefore, as a threshold matter Defendant fails to

24

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 3

1    establish "good cause." However, Defendant's relevancy objection also fails because Plaintiff's

2    request for the authority level of each Wausau employee involved in this matter is relevant to

3    establishing, or leading to admissible evidence that bears on, Plaintiff's bad faith and negligence

4    claims.

5    **C. Attorneys' Fees and Costs**

6          Pursuant to Rule 26(c)(3) and Rule 37(a)(5)(B) the Court "must, after giving an

7    opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its

8    reasonable expenses incurred in opposing the motion, including attorney's fees" unless, "the

9    motion was substantially justified or other circumstances make an award of expenses unjust."

10   FED. R. CIV. P. 37(a)(5)(B). Accordingly, the Court hereby orders Plaintiff to submit a

11   declaration of its fees and costs by January 4, 2013. Defendant must submit any response by

12   January 11, 2013.

13                              **IV. CONCLUSION**

14         Having reviewed the relevant pleadings, the declarations and exhibits attached thereto,

15   and the remainder of the record, the Court hereby finds and ORDERS:

16         (1)  Defendant's Motion for Protective Order (Dkt. # 18) is DENIED.

17         (2)  Plaintiff is ordered to submit a declaration of attorneys' fees and costs by January 4,

18              2013.

19         (3)  Defendant must submit any response to Plaintiff's declaration by January 11, 2013.

20         (4)  The Clerk is directed to forward a copy of this Order to plaintiffs and to all counsel

21              of record.

22         //

23

24         //

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 4

1

2

3   Dated this 14th day of December 2012.

4

5

6   RICARDO S. MARTINEZ
    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24